UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DARNELL YOUNG, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:19CV1877 HEA |
| STANLEY PAYNE, | ) |  |
| Respondent. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of petitioner Darnell Young's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, petitioner will be directed to show cause why his petition should not be dismissed as time-barred.

### Background

On January 11, 2008, a jury convicted petitioner of forcible rape and incest. *State of Missouri v. Young*, No. 0722-CR03741 (22nd Cir., City of St. Louis).[1] He was sentenced to twenty years' imprisonment on the rape conviction, and four years' imprisonment on the incest conviction, the sentences to run concurrently. Petitioner filed a notice of appeal on March 3, 2008.

The Missouri Court of Appeals affirmed petitioner's convictions on February 3, 2009. *State v. Young*, 280 S.W.3d 111 (Mo. App. 2009). Petitioner filed an application for transfer to the Missouri Supreme Court on February 18, 2009. The motion was denied on March 10, 2009. On March 23, 2009, petitioner also filed an application for transfer in the Missouri Supreme Court. The motion was denied on May 5, 2009.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

On May 1, 2009, while petitioner's application for transfer was still pending, petitioner filed a state postconviction motion pursuant to Mo. S.Ct. R. 29.15. *Young v. State of Missouri*, No. 0922-CC01737 (22nd Cir., City of St. Louis). The motion was denied without an evidentiary hearing by the circuit court on November 3, 2009. Petitioner filed a notice of appeal on December 11, 2009.

The Missouri Court of Appeals dismissed petitioner's appeal on June 9, 2010, for failure to comply with Mo. S.Ct. R. 84.05(a).[2] *Young v. State of Missouri*, No. ED94046 (Mo. App. 2010). Petitioner responded by filing an application for transfer to the Missouri Supreme Court, which the Court of Appeals denied as untimely. The Court of Appeals issued its mandate on July 12, 2010.

On April 22, 2010, shortly before his appeal of the denial of his Rule 29.15 motion was dismissed, petitioner filed a petition for writ of mandamus in the Missouri Supreme Court. *Young v. State of Missouri*, No. SC90832 (Mo. 2010). The petition for writ of mandamus attacked the denial of an evidentiary hearing in his postconviction motion in *Young v. State of Missouri*, No. 0922-CC01737 (22nd Cir., City of St. Louis). Specifically, petitioner argued that he was entitled to relief due to his trial attorney's failure to secure DNA testing of certain evidentiary items. The Missouri Supreme Court denied the petition for writ of mandamus on May 14, 2010.

Petitioner filed another petition for writ of mandamus on June 22, 2011, this time in the Missouri Court of Appeals. *Young v. State of Missouri*, No. ED96927 (Mo. App. 2011). The Court of Appeals denied the petition on June 27, 2011.

---

[2] Missouri Supreme Court Rule 84.05(a) provides, in relevant part, that: "Within 60 days after the date on which the record on appeal is filed with the clerk of the appellate court, the appellant shall file the appellant's brief."

2

Petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals on November 17, 2011. *Young v. State of Missouri*, No. ED97615 (Mo. App. 2011). Shortly thereafter, on November 21, 2011, the petition was denied.

On January 9, 2012, petitioner filed a petition for writ of habeas corpus pursuant to Mo. S.Ct. R. 91 in the Circuit Court of St. Francois County. *Young v. Russell*, No. 12SF-CC00009 (24th Cir., St. Francois County). In the petition, he argued that he was entitled to an evidentiary hearing in his original postconviction motion, in order to challenge the DNA evidence in his case. The circuit court denied the petition on April 17, 2012. Petitioner did not file an appeal.

On November 16, 2012, petitioner filed a petition for writ of habeas corpus pursuant to Mo. S.Ct. R. 91 in the Circuit Court of Cole County. *Young v. State of Missouri*, No. 12AC-CC00764 (19th Cir., Cole County). The circuit court denied the petition on February 25, 2013. Petitioner did not file an appeal.

Petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals on March 25, 2013. *Young v. Russell*, No. ED99744 (Mo. App. 2013). In the petition, he argued that he was entitled to an evidentiary hearing on the issue of DNA testing. The Court of Appeals denied the petition on April 16, 2013.

On June 4, 2014, petitioner filed a petition for writ of mandamus in the Missouri Court of Appeals. *State of Missouri ex rel. Young v. Mason*, No. ED101526 (Mo. App. 2014). Petitioner again attacked the denial of an evidentiary hearing in his original postconviction motion. The Missouri Court of Appeals denied the petition on July 28, 2014.

Petitioner filed a second petition for writ of habeas corpus in Cole County on March 16, 2015. *Young v. Lombardi*, No. 15AC-CC00118 (19th Cir., Cole County). As in his prior petitions,

he alleged that he had been denied the right to test certain DNA evidence. The circuit court denied the petition on July 27, 2015. Petitioner did not file an appeal.

On December 2, 2015, petitioner filed a notice of appeal in his original criminal case. *State of Missouri v. Young*, No. 0722-CR03741 (22nd Cir., City of St. Louis). The notice of appeal was filed in the Missouri Court of Appeals on December 7, 2015. *State of Missouri v. Young*, No. ED103735 (Mo. App. 2016). Meanwhile, petitioner filed a second notice of appeal in the circuit court on December 4, 2015. This notice of appeal was filed in the Missouri Court of Appeals on December 21, 2015. *State of Missouri v. Young*, No. ED103803 (Mo. App. 2016). The Missouri Court of Appeals consolidated both appeals into *State of Missouri v. Young*, No. ED103735 (Mo. App. 2016) on January 15, 2016. Petitioner's appeal was dismissed by the Court of Appeals on February 3, 2016, for failure to comply with Mo. S.Ct. R. 30.04(f) and Mo. S.Ct. R. 81.18.[3] The mandate was issued on February 29, 2016.

Petitioner's next filing was a petition for writ of mandamus, filed in the Missouri Court of Appeals on July 27, 2018. *Young v. State of Missouri*, No. ED106968 (Mo. App. 2018). The petition was denied on August 27, 2018.

Petitioner filed a petition for writ of mandamus in the Missouri Supreme Court on October 17, 2018. *State ex rel. Young v. State of Missouri*, No. SC97485 (Mo. 2018). The petition was dismissed for failure to pay the filing fee on November 19, 2018.

Finally, petitioner filed a petition for writ of mandamus in the Missouri Supreme Court on February 5, 2019. *State ex rel. Young v. State of Missouri*, No. SC97684 (Mo. 2019). The petition was denied on April 30, 2019.

---

[3] The dismissal was based on petitioner's failure to file a record on appeal, even after being given notice.

Petitioner filed the instant action on June 26, 2019 by placing it in his prison's mailing system.[4]

## Discussion

Petitioner is a pro se litigant currently incarcerated in the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition and the underlying state-court actions, it appears that the petition is untimely. Therefore, petitioner will be ordered to show cause why this petition should not be summarily dismissed.

### A. Timeliness

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgement becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For a prisoner, such as petitioner, who files a motion for transfer to the Missouri Supreme Court, but does not file a petition for writ of certiorari to the United States Supreme Court, the one-year limitations period begins running when the time for seeking certiorari expires, which is ninety days after the motion is denied. *Id*. *See also Pierson v. Dormire*, 484 F.3d

---

[4] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

486, 495 (8th Cir. 2007) (stating that if petitioner "had filed a motion to transfer to the Missouri Supreme Court there is no question he would have been entitled to the expiration of the time allotted for filing a petition for a writ of certiorari to the United States Supreme Court"). Furthermore, the AEDPA's statute of limitations tolls while state postconviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005).

Here, petitioner's direct appeal was affirmed on February 3, 2009. He filed an application for transfer in the Missouri Court of Appeals, which was denied on March 10, 2009.[5] Because petitioner had ninety days in which to file a petition for writ of certiorari to the United States Supreme Court, the statute of limitations would not commence until the expiration of that period. Before that period ended, petitioner had already filed a motion for postconviction relief pursuant to Mo. S.Ct. R. 29.15. The filing of a postconviction action further tolled the statute of limitations. To this point, then, none of petitioner's one-year limitations period had expired.

Petitioner's Rule 29.15 motion was denied on November 3, 2009. He filed an appeal, which was dismissed by the Missouri Court of Appeals on June 9, 2010. The Court of Appeals issued its mandate on July 12, 2010. Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely). Accordingly, petitioner's statute of limitations began running on July 12, 2010, upon issuance of the mandate.

As outlined above, petitioner filed a number of other postconviction motions following the appeal of his initial postconviction action. The tolling provision of 28 U.S.C. § 2244(d)(2) is not

---

[5] Petitioner also filed a motion to transfer in the Missouri Supreme Court. According to the Missouri Supreme Court Rules, however, transfer following an opinion by the Court of Appeals "is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review." Mo. S.Ct. R. 83.04.

limited to one postconviction proceeding, and other forms of collateral review, such as motions to reopen postconviction proceedings, motions to recall a mandate, and motions pursuant to Mo. S.Ct. R. 91, toll the limitations period. *See Polson v. Bowersox*, 595 F.3d 873, 875 (8th Cir. 2010). Thus, these various filings serve to toll the one-year statute of limitations. However, the limitations period is only tolled while postconviction proceedings are "pending." *Maghee*, 410 F.3d at 475. An application for post-conviction relief "is pending as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

The non-tolled periods of time between the filing of petitioner's various postconviction actions exceed the one-year timeframe in which he could file a federal petition pursuant to § 2254. For instance, between the issuance of the Missouri Court of Appeal's mandate on July 12, 2010, and the filing of his next postconviction action, which was a petition for writ of mandamus on June 22, 2011, three-hundred-and-forty-five (345) days elapsed. This left petitioner with just twenty days to file in federal court. The petition for writ of mandamus was denied on June 27, 2011, and petitioner did not file his next postconviction proceeding – a writ of habeas corpus in the Missouri Court of Appeals – until November 17, 2011. In that period, another one-hundred-and-forty-eight (148) days elapsed. As such, during the time between the filing of his petition for writ of mandamus, and his petition for writ of habeas corpus, the one-year statute of limitations provided by the AEDPA expired.[6] Therefore, it appears that petitioner's instant petition is time-barred.

---

[6] Without tabulating every period of non-tolled time, the Court notes that between the April 16, 2013 denial of the petition for writ of habeas corpus in *Young v. Russell*, No. ED99744 (Mo. App. 2013), and the filing of the June 4, 2014 petition for writ of mandamus in *State ex rel. Young v. Mason*, No. ED101526 (Mo. App. 2014), four-hundred-and-fourteen (414) elapsed. Between the February 29, 2016 mandate issued in *State of Missouri v. Young*, No. ED103735 (Mo. App. 2016), and the filing of the July 27, 2018 petition for writ of mandamus in *Young v. State of Missouri*, No. ED106968 (Mo. App. 2018), another eight-hundred-and-seventy-nine (879) days went by. These two gaps of non-tolled time alone exceed the one-year limitations period of 28 U.S.C. § 2244(d)(1)(A).

### B. Order to Show Cause

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, as discussed above, it appears that petitioner's petition is barred by the statute of limitations. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S 198, 210 (2006). As a result, the Court will order petitioner to show cause, in writing and no later than thirty days from the date of this order, why this action should not be dismissed as untimely.

### C. Motion to Proceed In Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response will result in the denial of the instant petition and the dismissal of this action without further proceedings.

Dated this 15th day of October, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE