UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL YOUNG, | ) |
| Petitioner, | ) |
| v. | ) No. 4:19-cv-01877-HEA |
| STANLEY PAYNE, | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the response of petitioner Darnell Young to the Court's October 15, 2019 order to show cause. (Docket No. 8). The Court had ordered petitioner to show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. (Docket No. 5). Having reviewed petitioner's response, and for the reasons discussed below, the Court must deny and dismiss the petition as untimely.

**Background**

On January 11, 2008, a jury convicted petitioner of forcible rape and incest. *State of Missouri v. Young*, No. 0722-CR03741 (22nd Cir., City of St. Louis).[1] He was sentenced to twenty years' imprisonment on the rape conviction, and four years' imprisonment on the incest conviction, the sentences to run concurrently. Petitioner filed a notice of appeal on March 3, 2008.

The Missouri Court of Appeals affirmed petitioner's convictions on February 3, 2009. *State v. Young*, 280 S.W.3d 111 (Mo. App. 2009). Petitioner filed an application for transfer to the Missouri Supreme Court on February 18, 2009. The motion was denied on March 10, 2009. On

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

March 23, 2009, petitioner filed an application for transfer in the Missouri Supreme Court. On May 5, 2009, that motion was also denied.

On May 1, 2009, while petitioner's application for transfer was still pending, petitioner filed a state postconviction motion pursuant to Mo. S.Ct. R. 29.15. *Young v. State of Missouri*, No. 0922-CC01737 (22nd Cir., City of St. Louis). The motion was denied without an evidentiary hearing by the circuit court on November 3, 2009. Petitioner filed a notice of appeal on December 11, 2009.

The Missouri Court of Appeals dismissed petitioner's appeal on June 9, 2010, for failure to comply with Mo. S.Ct. R. 84.05(a).[2] *Young v. State of Missouri*, No. ED94046 (Mo. App. 2010). Petitioner responded by filing an application for transfer to the Missouri Supreme Court, which the Court of Appeals denied as untimely. The Court of Appeals issued its mandate on July 12, 2010.

On April 22, 2010, shortly before his appeal of the denial of his Rule 29.15 motion was dismissed, petitioner filed a petition for writ of mandamus in the Missouri Supreme Court. *Young v. State of Missouri*, No. SC90832 (Mo. 2010). The petition for writ of mandamus attacked the denial of an evidentiary hearing in his postconviction motion in *Young v. State of Missouri*, No. 0922-CC01737 (22nd Cir., City of St. Louis). Specifically, petitioner argued that he was entitled to relief due to his trial attorney's failure to secure DNA testing of certain evidentiary items. The Missouri Supreme Court denied the petition for writ of mandamus on May 14, 2010.

Petitioner filed another petition for writ of mandamus on June 22, 2011, this time in the Missouri Court of Appeals. *Young v. State of Missouri*, No. ED96927 (Mo. App. 2011). The Court of Appeals denied the petition on June 27, 2011.

---

[2] Missouri Supreme Court Rule 84.05(a) provides, in relevant part, that: "Within 60 days after the date on which the record on appeal is filed with the clerk of the appellate court, the appellant shall file the appellant's brief."

Petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals on November 17, 2011. *Young v. State of Missouri*, No. ED97615 (Mo. App. 2011). Shortly thereafter, on November 21, 2011, the petition was denied.

On January 9, 2012, petitioner filed a petition for writ of habeas corpus pursuant to Mo. S.Ct. R. 91 in the Circuit Court of St. Francois County. *Young v. Russell*, No. 12SF-CC00009 (24th Cir., St. Francois County). In the petition, he argued that he was entitled to an evidentiary hearing in his original postconviction motion, in order to challenge the DNA evidence in his case. The circuit court denied the petition on April 17, 2012. Petitioner did not file an appeal.

On November 16, 2012, petitioner filed a petition for writ of habeas corpus pursuant to Mo. S.Ct. R. 91 in the Circuit Court of Cole County. *Young v. State of Missouri*, No. 12AC-CC00764 (19th Cir., Cole County). The circuit court denied the petition on February 25, 2013. Petitioner did not file an appeal.

Petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals on March 25, 2013. *Young v. Russell*, No. ED99744 (Mo. App. 2013). In the petition, he argued that he was entitled to an evidentiary hearing on the issue of DNA testing. The Court of Appeals denied the petition on April 16, 2013.

On June 4, 2014, petitioner filed a petition for writ of mandamus in the Missouri Court of Appeals. *State of Missouri ex rel. Young v. Mason*, No. ED101526 (Mo. App. 2014). Petitioner again attacked the denial of an evidentiary hearing in his original postconviction motion. The Missouri Court of Appeals denied the petition on July 28, 2014.

Petitioner filed a second petition for writ of habeas corpus in Cole County on March 16, 2015. *Young v. Lombardi*, No. 15AC-CC00118 (19th Cir., Cole County). As in his prior petitions,

he alleged that he had been denied the right to test certain DNA evidence. The circuit court denied the petition on July 27, 2015. Petitioner did not file an appeal.

On December 2, 2015, petitioner filed a notice of appeal in his original criminal case. *State of Missouri v. Young*, No. 0722-CR03741 (22nd Cir., City of St. Louis). The notice of appeal was filed in the Missouri Court of Appeals on December 7, 2015. *State of Missouri v. Young*, No. ED103735 (Mo. App. 2016). Meanwhile, petitioner filed a second notice of appeal in the circuit court on December 4, 2015. This notice of appeal was filed in the Missouri Court of Appeals on December 21, 2015. *State of Missouri v. Young*, No. ED103803 (Mo. App. 2016). The Missouri Court of Appeals consolidated both appeals into *State of Missouri v. Young*, No. ED103735 (Mo. App. 2016) on January 15, 2016. Petitioner's appeal was dismissed by the Court of Appeals on February 3, 2016, for failure to comply with Mo. S.Ct. R. 30.04(f) and Mo. S.Ct. R. 81.18.[3] The mandate was issued on February 29, 2016.

Petitioner's next filing was a petition for writ of mandamus, filed in the Missouri Court of Appeals on July 27, 2018. *Young v. State of Missouri*, No. ED106968 (Mo. App. 2018). The petition was denied on August 27, 2018.

Petitioner filed a petition for writ of mandamus in the Missouri Supreme Court on October 17, 2018. *State ex rel. Young v. State of Missouri*, No. SC97485 (Mo. 2018). The petition was dismissed for failure to pay the filing fee on November 19, 2018.

Finally, petitioner filed a petition for writ of mandamus in the Missouri Supreme Court on February 5, 2019. *State ex rel. Young v. State of Missouri*, No. SC97684 (Mo. 2019). The petition was denied on April 30, 2019.

---

[3] The dismissal was based on petitioner's failure to file a record on appeal, even after being given notice.

Petitioner filed the instant action on June 26, 2019 by placing it in his prison's mailing system.[4] The petition contains one ground for relief, which states: "I can't file appeal without all the claims being answered in the 29.15. The state did not answer all the claims." (Docket No. 1 at 4).

On October 15, 2019, the Court ordered petitioner to show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. (Docket No. 5). In the order, the Court noted that petitioner's one-year statute of limitations began running on July 12, 2010, upon the Missouri Court of Appeals' issuance of the mandate in his Mo. S.Ct. R. 29.15 postconviction motion. Subsequently, petitioner filed a number of other postconviction proceedings. However, the Court determined that even taking into account the periods during which his various postconviction actions were pending, petitioner's one-year period in which to file a § 2254 petition had expired. Petitioner was given thirty days in which to respond to the Court's show cause order. He complied by filing a response on November 12, 2019.

## Petitioner's Show Cause Response

Petitioner argues that his petition cannot be time-barred because not all the issues he has raised in the motion courts have been determined. (Docket No. 8 at 1). Specifically, petitioner asserts that "the DNA issues [have] to be resolve[d] before this case can move forward."

Petitioner states that he has asked the "motion courts" to provide him answers regarding "the DNA issue." He further states that the DNA evidence would "reveal inconsistencies and flaws in the [state's] evaluation of the genetic material." If an evidentiary hearing were granted, petitioner anticipates that an expert witness would testify that DNA from the victim's underwear would not match his DNA. Petitioner asserts that "[t]his is a DNA claim that can be raised at any

---

[4] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

time" and cannot be time-barred. Despite alleging that the DNA issues have not been resolved, petitioner acknowledges that every claim he has raised has "always been about the DNA issues."

In his response, petitioner engages in a discussion of what constitutes a "final judgment." (Docket No. 8 at 2). According to petitioner, a final judgment "resolves all claims and issues in a case[,] leaving nothing for future determination." Petitioner states that absent final judgment, there can be "no appellate review and the appeal must be dismissed." Somewhat confusingly, petitioner states that "a motion court is required to issue findings of fact and conclusion[s] of law on not only the claims that are not encompassed in counsel's claims in the amended motion for postconviction relief." It appears as though petitioner is trying to assert that the state motion court is required to issue findings on all claims, not simply the claims presented by petitioner's attorney in the amended Rule 29.15 motion for postconviction relief.

Petitioner alleges that his Rule 29.15 motion was filed in a timely manner, but that the motion courts did not follow the rules of the Missouri Supreme Court. He argues that the state has to answer his DNA claims, and that such claims cannot be time-barred because they can be raised at any time. By way of example, he states that "DNA has freed people from prison after doing thirty years."

In short, petitioner contends that the statute of limitations does not begin to run until "the DNA claims are answered." (Docket No. 8 at 3). Moreover, he asserts that "[t]his case is still in the motion courts 29.15 stage," and that the "motion courts have to answer these claims for the mandate to start [its] one year statute."

**Discussion**

Petitioner is a pro se litigant currently incarcerated in the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. 2254. After reviewing the petition, the Court directed petitioner to show cause why his petition should not be dismissed as time-barred. Petitioner has submitted a response. Having reviewed this response, and for the reasons discussed below, the Court finds that the petition is untimely. Furthermore, petitioner has not presented any grounds upon which to apply the doctrine of equitable tolling. As such, the petition must be summarily dismissed.

### A. Timeliness

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgement becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For a prisoner, such as petitioner, who files a motion for transfer to the Missouri Supreme Court, but does not file a petition for writ of certiorari to the United States Supreme Court, the one-year limitations period begins running when the time for seeking certiorari expires, which is ninety days after the motion is denied. *Id*. *See also Pierson v. Dormire*, 484 F.3d 486, 495 (8th Cir. 2007) (stating that if petitioner "had filed a motion to transfer to the Missouri Supreme Court there is no question he would have been entitled to the expiration of the time allotted for filing a petition for a writ of certiorari to the United States Supreme Court").

Furthermore, the AEDPA's statute of limitations tolls while state postconviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005).

Here, petitioner's direct appeal was affirmed on February 3, 2009. He filed an application for transfer in the Missouri Court of Appeals, which was denied on March 10, 2009.[5] Because petitioner had ninety days in which to file a petition for writ of certiorari to the United States Supreme Court, the statute of limitations would not commence until the expiration of that period. Before that period ended, petitioner had already filed a motion for postconviction relief pursuant to Mo. S.Ct. R. 29.15. The filing of a postconviction action further tolled the statute of limitations. To this point, then, none of petitioner's one-year limitations period had expired.

Petitioner's Rule 29.15 motion was denied on November 3, 2009. He filed an appeal, which was dismissed by the Missouri Court of Appeals on June 9, 2010. The Court of Appeals issued its mandate on July 12, 2010. Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely). Accordingly, the statute of limitations began running on July 12, 2010, upon issuance of the mandate.

As outlined above, petitioner filed a number of other postconviction motions following the appeal of his initial postconviction action. The tolling provision of 28 U.S.C. § 2244(d)(2) is not limited to one postconviction proceeding, and other forms of collateral review, such as motions to reopen postconviction proceedings, motions to recall a mandate, and motions pursuant to Mo. S.Ct. R. 91, toll the limitations period. *See Polson v. Bowersox*, 595 F.3d 873, 875 (8th Cir. 2010). Thus,

---

[5] Petitioner also filed a motion to transfer in the Missouri Supreme Court. According to the Missouri Supreme Court Rules, however, transfer following an opinion by the Court of Appeals "is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review." Mo. S.Ct. R. 83.04.

these various filings serve to toll the one-year statute of limitations. However, the limitations period is only tolled while postconviction proceedings are "pending." *Maghee*, 410 F.3d at 475. An application for post-conviction relief "is pending as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

The non-tolled periods of time between the filing of petitioner's various postconviction actions exceed the one-year timeframe in which he could file a federal petition pursuant to § 2254. For instance, between the issuance of the Missouri Court of Appeal's mandate on July 12, 2010, and the filing of his next postconviction action, which was a petition for writ of mandamus on June 22, 2011, three-hundred-and-forty-five (345) days elapsed. This left petitioner with just twenty days to file in federal court. The petition for writ of mandamus was denied on June 27, 2011, and petitioner did not file his next postconviction proceeding – a writ of habeas corpus in the Missouri Court of Appeals – until November 17, 2011. In that period, another one-hundred-and-forty-eight (148) days elapsed. As such, during the time between the filing of his petition for writ of mandamus, and his petition for writ of habeas corpus, the one-year statute of limitations provided by the AEDPA expired.[6] Therefore, the instant petition is time-barred, unless the doctrine of equitable tolling relieves petitioner of the strict application of the statute of limitations.

B. Equitable Tolling

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking application

---

[6] Without tabulating every period of non-tolled time, the Court notes that between the April 16, 2013 denial of the petition for writ of habeas corpus in *Young v. Russell*, No. ED99744 (Mo. App. 2013), and the filing of the June 4, 2014 petition for writ of mandamus in *State ex rel. Young v. Mason*, No. ED101526 (Mo. App. 2014), four-hundred-and-fourteen (414) elapsed. Between the February 29, 2016 mandate issued in *State of Missouri v. Young*, No. ED103735 (Mo. App. 2016), and the filing of the July 27, 2018 petition for writ of mandamus in *Young v. State of Missouri*, No. ED106968 (Mo. App. 2018), another eight-hundred-and-seventy-nine (879) days went by. These two gaps of non-tolled time alone exceed the one-year limitations period of 28 U.S.C. § 2244(d)(1)(A).

of equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Furthermore, the extraordinary circumstance must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012).

Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805. "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

Here, petitioner has not demonstrated that an extraordinary circumstance made it impossible for him to file his § 2254 petition in time. To the contrary, in his show cause response, petitioner's only argument is that the state motion courts have not "answered" his DNA claims, and that the one-year statute of limitations does not begin running until this occurs. This contention is not persuasive.

To begin, petitioner knew about the DNA issues he is attempting to raise at the time of his trial in 2008. On the day before trial, petitioner's counsel moved for a continuance to retest DNA evidence. That motion was denied and petitioner did not raise the issue on direct appeal.

In his initial postconviction action, petitioner alleged that his trial counsel was ineffective for failing to timely ask the circuit court to retest the DNA evidence before trial. The motion court determined that petitioner had failed to allege facts entitling him to a second DNA test under the rules governing postconviction DNA testing. As such, petitioner's motion was denied without an evidentiary hearing. Petitioner failed to perfect an appeal from that denial, and his appeal was dismissed. Petitioner has also been advised by at least two separate motion courts that if he sought additional DNA testing, he must file an appropriate motion under the applicable statute in the trial court, rather than seeking such relief through habeas corpus. *See Young v. Russell*, No. 12SF-CC00009 (24th Cir., St. Francois County, April 17, 2012); and *Young v. Lombardi*, No. 15AC-CC00118 (19th Cir., Cole County, July 27, 2015).

Review of petitioner's state cases indicate that petitioner has litigated the issue of DNA on numerous occasions. Though petitioner has not received the outcome he desires, there is no support for the proposition that the state courts have failed to resolve, respond, or otherwise answer his claims. As such, petitioner has not identified an extraordinary circumstance warranting the application of equitable tolling in this case. In other words, he has not demonstrated that it was impossible for him to file the instant action within the one-year statute of limitations period.

C. **Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases for the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it is plainly apparent that petitioner's case is time-barred. As

discussed in more detail above, the one-year limitations period began running on July 12, 2010, at the time the Missouri Court of Appeals issued its mandate affirming the denial of petitioner's initial postconviction motion. In the years since, petitioner has periodically filed further postconviction actions, which would serve to toll the statute of limitations. Nevertheless, far more than a year of non-tolled time has elapsed since petitioner's state court judgment became final, meaning that the limitations period has expired. Furthermore, petitioner has presented no grounds entitling him to the application of equitable tolling. Therefore, the Court must deny and dismiss the petition pursuant to 28 U.S.C. § 2244(d)(1)(A).

**D. Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 24th day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE