## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-01877-HEA |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of petitioner Darnell Young for reconsideration of the Court's denial of his "very first motion for representation of counsel." (Docket No. 28). In the motion, petitioner states that he does not have access to a law library because of the coronavirus pandemic. He further asserts that he "does not have access to his [expert] witnesses," and that he needs an expert because his "case is based on DNA evidence." Petitioner requests an attorney to consult with the aforementioned expert witnesses.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent [litigant] has stated a non-frivolous claim…and where the nature of the litigation is such that [the litigant] as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of

conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Here, the Court denied petitioner's initial motion for appointment of counsel because his case was dismissed on March 24, 2020. That is, based on the factors listed above, the Court was not convinced that petitioner had a non-frivolous claim, or that petitioner or the Court would benefit from the assistance of counsel. In the instant motion, petitioner contends that he needs an attorney to help with the DNA issues arising from his state criminal conviction. However, the Court denied petitioner's 28 U.S.C. § 2254 petition as time-barred by the applicable statute of limitations. As such, petitioner's suggestion that he needs an attorney to consult with an expert witness does not persuade the Court to reconsider its earlier denial. Therefore, petitioner's motion for reconsideration will be denied.

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of appointment of counsel (Docket No. 28) is **DENIED**.

Dated this 30th day of October, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE