## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DARNELL YOUNG, | ) |
| Petitioner, | ) ) ) |
| v. | )    No. 4:19-cv-01877-HEA |
| STANLEY PAYNE, | ) ) ) |
| Respondent. | ) ) |

### OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on a motion by petitioner Darnell Young requesting the use of "judicial and legal discretion" to open an investigation into the DNA evidence used in his state criminal case. For the reasons discussed below, the motion will be denied.

### Background

On June 26, 2019, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). The petition challenged petitioner's January 11, 2008 conviction in *State of Missouri v. Young*, No. 0722-CR03741 (22nd Jud. Cir., City of St. Louis). On October 15, 2019, the Court directed petitioner to show cause as to why his petition should not be dismissed as time-barred. (Docket No. 5). The Court received petitioner's show cause response on November 12, 2019. (Docket No. 8).

On March 24, 2020, the Court denied and dismissed petitioner's petition as time-barred. (Docket No. 12). In so doing, the Court noted that petitioner had filed numerous postconviction actions in state court, and that the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A) was tolled during the period in which those actions were pending. *See Magee v. Ault*, 410 F.3d 473,

475 (8th Cir. 2005). Nevertheless, the non-tolled periods between those various postconviction actions far exceeded the one-year limitations period. As such, the petition was untimely.

On April 9, 2020, petitioner filed a motion for an extension of time in which to file a motion for reconsideration. (Docket No. 13). The motion was granted. Subsequently, petitioner filed motions seeking additional time on June 17, 2020, July 9, 2020, August 17, 2020, September 25, 2020, November 9, 2020, December 31, 2020, and February 25, 2021. (Docket No. 18; Docket No. 20; Docket No. 22; Docket No. 25; Docket No. 31; Docket No. 33; Docket No. 35). Typically, petitioner's motions were premised on his inability to use the law library due to the COVID-19 pandemic.

All of petitioner's motions for an extension of time have been granted. In the latest order granting an extension, the Court gave petitioner until April 26, 2021 to file his motion for reconsideration.

The Court received petitioner's instant motion on March 10, 2021. (Docket No. 37).

**The Motion**

In his motion, petitioner contends that two alternative versions of DNA evidence were presented in his state criminal case. The first version was presented by the State of Missouri in the circuit court, and indicated that petitioner's semen was located on the victim's underwear. The second version was presented by petitioner's postconviction attorney in a motion to vacate, set aside, or correct judgment filed on September 8, 2009. According to petitioner, his attorney would have provided expert testimony that the semen found on victim's underwear did not match petitioner's DNA. Thus, petitioner concludes that "[t]here is a discrepancy in the DNA evidence that's been presented in court," amounting to a "fraud on [the] court."

Based on this purported fraud, petitioner asks the Court to "open [an] investigation into the DNA evidence that's being presented in this case." He also asserts that his motion for reconsideration, for which he has sought numerous extensions of time, "cannot be filed until the DNA investigation is over."

## Discussion

Petitioner seeks to have the Court open an investigation into the DNA issues in his state court case. The motion concerns the substantive grounds raised in petitioner's 28 U.S.C. § 2254 petition. However, as noted above, the Court has already determined that the petition is untimely. After giving petitioner an opportunity to show cause why his petition should not be dismissed, the Court denied and dismissed the petition on March 24, 2020. As such, there is no basis on which to grant the relief petitioner seeks. Furthermore, nothing in the instant motion addresses the Court's decision, or provides any basis on which to apply equitable estoppel. Therefore, the motion will be denied. As noted in the Court's order of February 26, 2021, petitioner shall have until April 26, 2021 to file a motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion (Docket No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that petitioner has until April 26, 2021 to file a motion for reconsideration.

Dated this 11th day of March , 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE