# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARNELL YOUNG, | ) |
| Petitioner, | ) |
| v. | ) No. 4:19-cv-01877-HEA |
| STANLEY PAYNE. | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on a document submitted by petitioner Darnell Young titled "Motion to the Courts," which has been construed as a motion for reconsideration. (Docket No. 39). For the reasons discussed below, the motion will be denied.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 26, 2019. (Docket No. 1). In the petition, he challenged his 2008 conviction for forcible rape and incest in *State of Missouri v. Young*, No. 0722-CR03741 (22nd Cir., City of St. Louis). Because the petition appeared time-barred, the Court directed petitioner to show cause as to why his petition should not be denied and dismissed. In his response, petitioner argued that the DNA issues in his criminal case had to be resolved before the case could move forward.

On March 24, 2020, the Court denied and dismissed petitioner's 28 U.S.C. § 2254 petition as time-barred. (Docket No. 12). Since then, petitioner has filed numerous requests for extensions of time in which to file a motion for reconsideration, which have all been granted.

In the instant motion, petitioner asks the Court to use its "judicial and legal discretion" in this case because of an alleged "discrepancy with the DNA evidence that has been admitted into evidence." (Docket No. 39 at 1). Petitioner asserts that the prosecution presented evidence showing

that DNA on "the victim[']s underwear match[ed]" petitioner's DNA. However, petitioner alleges that an expert would testify on his behalf that the DNA does not match. (Docket No. 39 at 2). Petitioner contends that this discrepancy amounts to a fraud on the courts.

After reviewing the grounds raised by petitioner, the Court will decline to alter or amend its judgment. The Court concludes that petitioner's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion merely revisits the arguments raised in his initial filing. Specifically, petitioner reasserts his belief that the DNA evidence in his criminal case conflicted, amounting to fraud. The motion does not even address the reason for the Court's dismissal of his petition, which was due to untimeliness. That is, petitioner does not argue that his petition was timely filed, or that equitable tolling should be applied. Therefore, petitioner's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration (Docket No. 39) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 2nd day of April, 2021.

                                                                             _____
                                                                             HENRY EDWARD AUTREY
                                                                             UNITED STATES DISTRICT JUDGE